IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TRUSTEES OF THE INDIANA STATE COUNCIL OF ROOFERS HEALTH AND WELFARE FUND,<br><br>Plaintiffs,<br><br>-vs-<br><br>CAMACO INC.,<br><br>Defendant. | CASE NO. 4:24-cv-26 |

## COMPLAINT

1.  Plaintiffs are trustees of a multiemployer benefit fund (the "Fund"). Defendant Camaco Inc. is an employer that is obligated to make contributions to the Fund based upon a contractually agreed rate so that Defendant's employees may participate in and receive the employee benefits of the Fund. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Fund for the purpose of compelling an audit and collecting contributions and other amounts due to the Fund.

## JURISDICTION AND VENUE

2.  This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund of which Plaintiffs are Trustees are administered within the jurisdiction of the U.S. District Court, Northern District of Indiana.

## THE PARTIES

4. Plaintiffs Trustees of the Indiana State Council of Roofers Health and Welfare Fund are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Fund is a multiemployer benefit plan and employee welfare plan within the meaning of ERISA §§ 3(1) and (37), 29 U.S.C. §§ 1002(1) and (37). Plaintiffs bring this action on behalf of the participants and beneficiaries of the Fund.

5. Defendant Camaco Inc. is a Kentucky corporation with its principal office located in Lebanon, Kentucky. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## COMMON FACTS

6. At all relevant times, Defendant was a party to and agreed to abide by the terms of a collective bargaining agreement ("CBA"). A true and accurate copy of the CBA is attached as **Exhibit A**. A true and accurate copy of Defendant's signature page for the CBA is attached as **Exhibit B**.

7. The terms of the CBA require Defendant to make contributions to the Fund, along with contributions to other employee benefit funds, based upon the number of hours worked by Defendant's employees.

8. In addition to requiring contributions to the Fund, the CBA also incorporates by reference the terms of the Fund's Trust Agreement. The Fund's Trust Agreement, in turn, gives Plaintiffs the authority to collect employer contributions due to the Fund. It also authorizes Plaintiffs to adopt and enforce a written collection policy and related policies.

9. Pursuant to the terms of the CBA, Trust Agreement, and/or Plaintiffs' Collection Policy, Defendant is required to submit all monthly reports and contributions on or before the last day of the month following the month in which work was performed. If contributions are not received by the last day of the month following the month in which work was performed, they are delinquent and are subject to liquidated damages of 10% of the contribution amount and interest at the rate of 1% per month. Defendant is also liable for all attorney's fees and costs incurred in the collection of delinquent contributions or other amounts owed to the Fund.

10. Pursuant to the terms of the CBA, Trust Agreement, and/or Collection Policy, Defendant may also be subjected to payroll audits as may be deemed appropriate. Defendant is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits. In the event a payroll audit discloses that Defendant has not paid contributions as required, Defendant is liable for the costs of the audit, along with any attorney's fees and costs incurred in connection with the amounts owed.

## COUNT I
**(ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Pay Contributions)**

11. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

12. Upon information and belief, Defendant has failed or otherwise neglected to remit contribution payments for various other work months dating back to January 1, 2020, as required by the CBA, Trust Agreement, and Collection Policy.

13. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest, audit fees, and attorney's fees and costs pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

## COUNT II
### (LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)
### (Failure to Pay Contributions)

14. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

15. Upon information and belief, Defendant has failed or otherwise neglected to remit contribution payments for various other work months dating back to January 1, 2020, as required by the CBA, Trust Agreement, and Collection Policy.

16. Defendant's actions are in violation of the CBA, Trust Agreement, and Collection Policy, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest, audit fees, and attorney's fees and costs pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III
### (ERISA Section 515, 29 U.S.C. Section 1145 - Failure to Pay Liquidated Damages)

17. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

18. Upon information and belief, Defendant has failed or otherwise neglected to remit contribution payments for various other work months dating back to January 1, 2020, thereby rendering the contributions delinquent. As a result, Defendant is liable for liquidated damages and interest on all delinquent contributions from their respective due dates until paid in full.

19. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for liquidated damages and interest pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

**COUNT IV**
**(LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)**
**(Failure to Pay Liquidated Damages)**

20. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

21. Upon information and belief, Defendant has failed or otherwise neglected to remit contribution payments for various other work months dating back to January 1, 2020, thereby rendering the contributions delinquent. As a result, Defendant is liable for liquidated damages and interest on all delinquent contributions from their respective due dates until paid in full.

22. Defendant's actions are in violation of CBA, Trust Agreement, and Collection Policy, and Defendant is therefore liable for liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

**COUNT V**
**(ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(G)(2)(E) – Order Compelling Payroll Audit)**

23. Plaintiffs reallege each averment set forth as if fully rewritten herein.

24. Pursuant to the terms of the CBA, Collection Policy, and/or Trust Agreement, Defendant has an obligation to submit to a payroll audit upon Plaintiffs' request.

25. Plaintiffs have no way of verifying, absent an audit, the number of hours worked by covered employees. Therefore, Plaintiffs have no way of ascertaining the amount owed in delinquent contributions, liquidated damages and interest.

26. Defendant's refusal to submit to a payroll audit is in violation of the CBA, Trust Agreement, and Collection Policy. Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand the following relief against Defendant:

A. An order compelling Defendant to submit to a payroll audit of its books and records to determine the amounts owed to Plaintiffs for delinquent contributions, liquidated damages, and interest in an amount to be determined;

B. Judgment in favor of Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant for the period of January 1, 2020 to the present;

C. Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on the delinquent contributions for the period January 1, 2020 to the present, plus any additional interest accrued at the time of an entry of judgment, in an amount to be determined;

D. Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332 (g)(2)(A);

E. Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on unpaid contributions which should accrue during the pendency of this action;

F. Judgment on behalf of Plaintiffs and against Defendant for the costs of any payroll audit performed on Defendant on behalf of Plaintiffs;

G. An award of attorney's fees and costs incurred in connection with the collection of the unpaid amounts as provided for by the terms of the CBA, Trust Agreement, and Collection Policy, and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(D);

H. An Order retaining jurisdiction over this cause pending compliance with all Orders; and

I. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

LEDBETTER PARTNERS LLC

/s/ Rebecca J. McColm
Rebecca J. McColm (IN #36261-49)
429 N. Pennsylvania St., Suite #409
Indianapolis, IN 46204
(937) 619-0900 (ph)
(937) 619-0999 (fax)
rmccolm@fringebenefitlaw.com

Paul E. Stoehr (OH #0096213)
5078 Wooster Rd., Suite 400
Cincinnati, OH 45226
(937) 619-0900 (ph)
(937) 619-0999 (fax)
pstoehr@fringebenefitlaw.com

*Attorneys for Plaintiffs*